# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT )<br>OF BRUCE OAKLEY, INC. and )<br>JOHNSTON'S PORT 33 INC., )<br>OWNERS OF THE M/V LEGACY, )<br>FOR EXONERATION FROM OR )<br>LIMITATION OF, LIABILITY ) | Case No. CIV-19-184-SLP |

## O R D E R

Before the Court is Jantran, Inc.'s (Jantran's) Motion to Dismiss Third-Party Complaint of Southern Towing Company, LLC (Southern Towing) [Doc. No. 54]. Southern Towing has filed a Response [Doc. No. 58] and Jantran has filed a Reply [Doc. No. 59]. Also before the Court is Southern Towing's Motion for Leave to File Sur-Reply [Doc. No. 62] and Jantran's Response in Opposition [Doc. No. 63]. The Court DENIES Southern Towing's Motion for Leave to File Sur-Reply.[1] And, for the reasons set forth below, the Court DENIES Jantran's Motion to Dismiss.

## I. Introduction

This action arises out of a maritime incident occurring on the Arkansas River in May 2019. Two breakaway barges struck the Webbers Fall Lock and Dam and sunk.

Petitioner, Bruce Oakley, Inc. and Johnston's Port 33, Inc. (collectively, Oakley) brought this action seeking exoneration from or limitation of liability in an amount not to exceed Oakley's interest in the Motor Vessel (M/V) LEGACY, a towboat involved in the

---

[1] Supplemental briefing is not encouraged, *see* LCvR 7.1(e), and the matters addressed by Southern Towing in its proposed Sur-Reply [Doc. No. 62-1] either fall outside the scope of the issues raised by Jantran's Motion to Dismiss or are redundant of issues addressed by Southern Towing's response brief.

incidents leading up to the breakaway of the barges. *See* 46 U.S.C. §§ 30505 and 30501; Fed. R. Civ. P. Suppl. Admiralty Rule F.

Oakley then filed a Third-Party Complaint [Doc. No. 36] against Southern Towing. Southern Towing owns a boat, the M/V DENNIS COLLINS, that was also involved in the incidents leading up to the breakaway of the barges and in particular, the mooring of certain vessels, including the breakaway barges. Oakley brings the following claims against Southern Towing and/or the M/V DENNIS COLINS *in rem*: (1) negligence; (2) bailment; (3) res ipsa loquitor; (4) tender of defenses; and (5) economic loss. Oakley alleges the conduct of the crew of the M/V DENNIS COLLINS caused or contributed to the breakaway.

In turn, Southern Towing filed a Third Party Complaint [Doc. No. 42] against Jantran. Jantran owns and operates tug boats and barges on inland waterways, including the Arkansas River near Muskogee, Oklahoma. A licensed pilot employed by Jantran was aboard Oakley's M/V LEGACY, at the time the barges initially broke loose from their moorings. Southern Towing claims, inter alia, that the Jantran pilot failed to immediately respond to the breakaway barges and, but for his failure to act, the barges could have been captured and moored to fleet wires in the Verdigis River. Southern Towing brings the following claims against Jantran: (1) negligence; and (2) tender of defense.

Jantran seeks dismissal of Southern Towing's third-party claims brought against it. Jantran argues it is a private party and, as a matter of law, it had no duty to rescue the barges. Southern Towing responds that the "assumption of duty" doctrine and other principles of maritime law apply to the facts of this case and, therefore, it has stated a plausible negligence claim against Jantran.

## II. Factual Allegations of the Third Party Complaint

On or about May 12, 2019, Southern Towing's vessel, the M/V DENNIS COLLINS, with two loaded tank barges, navigated down the Verdigris and Arkansas Rivers to the area near Oakley's Muskogee fleets. The M/V DENNIS COLLINS then moored alongside the riverbank on the Arkansas River. Due to an eddy in the area, the M/V DENNIS COLLINS requested and received permission to move the boat and barges into the Grand River, alongside two barges already fleeted there, the LTD-11140 and the MTC-7255 (the Marquette Barges).

On the morning of May 22, 2019, the crew of the M/V DENNIS COLLINS added an additional mooring – a different Oakley shore wire – and secured the shore wire to the side of the Marquette Barges. At approximately noon on May 22, 2019, the Marquette Barges, in fleet with and secured to the M/V DENNIS COLLINS, broke from their moorings. The M/V DENNIS COLLINS was unable to control all four barges due to the current and, the crew, therefore, disconnected the lines to the Marquette Barges.

Oakley's fleet boat, the M/V LEGACY, was promptly notified. The captain of the M/V LEGACY was not aboard and had left a licensed pilot employed by Jantran to command the M/V LEGACY.[2] The Jantran pilot did not immediately respond to the breakaway of the barges but waited for the M/V LEGACY's captain to return.

Southern Towing claims that had the Jantran pilot timely responded, the Marquette Barges could have been captured in the Verdigris River where they could have been

---

[2] Allegedly, the captain had disembarked to perform an errand.

moored to fleet wires. Instead, the M/V LEGACY eventually captured the Marquette Barges on the Arkansas River and secured them to trees along the bank of the Arkansas River. Several hours later, as flood waters continued to rise, the Marquette Barges pulled loose from the trees, drifted downriver and ultimately struck the Webber Falls Lock and Dam and sunk.

### III. Governing Standard

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is proper only when the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). The court construes any reasonable inferences from these facts in favor of the plaintiff. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). The court's review is limited to the facts alleged in the complaint and matters outside the pleading are not considered. *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001); *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1251 (10th Cir. 1997).[3]

### IV. Discussion

Jantran argues that its pilot is a private party and under settled maritime law, a private party has no affirmative duty to rescue a vessel in distress. In response, Southern Towing argues that Jantran has "frame[d] the issue incorrectly" and the cases it relies upon

---

[3] Thus, the Court does not consider assertions contained in the parties' briefings as though they were facts where those assertions are not included as factual allegations of the Third-Party Complaint.

are inapposite. Southern Towing contends Jantran's employee was "not a stranger" to the breakaway of the Marquette Barges. Southern Towing argues Jantran's employee was responsible for "getting the LEGACY underway" in a timely fashion as he had assumed that duty (and all legal duties that Oakley had as a fleeter of the barges) in the absence of the M/V LEGACY's captain. Southern Towing argues the scope of that duty included "overseeing the fleet." Southern Towing further argues the Jantran's employee "is believed to have participated in the re-mooring of the Marquette Barges on the Arkansas River." Southern Towing's Resp. at 6.

Federal maritime law governs Southern Towing's negligence claim. *In re Aramark Sports & Entm't Servs., LLC*, 831 F.3d 1264, 1279 (10th Cir. 2016). "'The elements of a cause of action for negligence under general maritime law, which are essentially the same as land-based negligence under the common law, are as follows: (1) a duty of care which obliges the person to conform to a certain standard of conduct; (2) a breach of that duty; (3) a reasonably close causal connection between the offending conduct and the resulting injury; and (4) actual loss, injury or damages suffered by the [p]laintiff.'" *Bonita Props., LLC v. C&C Marine Maint. Co.*, No. 2:12cv247, 2016 WL 10520137 at *4 (W.D. Penn. Aug. 16, 2016) (unpublished op.) (citing *Galentine v. Estate of Stekervetz*, 273 F. Supp.2d 538, 544 (D. Del. 2003) (additional citations omitted)); *see also Canal Barge Co., Inc. v. Torco Oil Co.*, 220 F.3d 370, 376 (5th Cir. 2000) ("When analyzing maritime tort cases, we rely on general principles of negligence law."). Here, the parties' arguments focus on the first element – whether the Jantran employee owed a duty of care to Southern Towing.

5

Whether a duty of care arises is an issue of law to be decided by the court. *Canal Barge Co.,* 220 F.3d at 376. Southern Towing's allegations premise a duty of care on conduct including the following, which it contends caused or contributed to the second breakaway:

- tying the Marquette Barges to trees on the bank, rather than to shore wires or a dock;

- failing to maintain a proper lookout; and

- failing to take action when required while in command of the M/V LEGACY.

Third-Party Compl., ¶ 14(a)-(c).

Further development and resolution of underlying predicate factual issues precede the Court's legal determination as to whether a duty of care exists. Those factual issues include matters such as the conduct of the Jantran employee preceding the breakaway, the scope of Oakley's duties, and the extent, if any, to which Jantran's employee assumed those duties or increased the risk of harm and the Jantran employee's involvement, if any, in the mooring of the Marquette Barges to the trees. *See, e.g.*, Restatement (Second) of Torts § 323 and § 324A; *see also Mid-Century Ins. Co. v. InsulVail, LLC*, 592 F. App'x 677, 683 (10th Cir. 2014) (applying Colorado negligence law and recognizing that in failure to act, i.e. "nonfeasance" cases, "special relationships" or "[c]ontractual obligations" can give rise to a duty).[4]

---

[4] Neither party has addressed the Tenth Circuit's discussion in *Aramark* of the manner by which the duty of care in maritime cases should be determined, or the court's caution against equating duty with foreseeability. *See id.*, 831 F.3d at 1279-81. The Court, therefore, declines to undertake that analysis at this juncture.

On the present record, the Court agrees with Southern Towing that Jantran's framing of the issue as a failure to rescue is inapposite. The allegations demonstrate that the M/V LEGACY undertook to and eventually captured the Marquette Barges, indicating the existence of a special relationship, contractual obligation or other potential basis for imposition of duty. The allegations further state that the Jantran employee took command of the M/V LEGACY in the absence of its captain. Although the scope of the M/V LEGACY's duties and the extent to which, if any, Jantran's employee assumed those duties is unclear at the pleading stage, the allegations are sufficient to withstand dismissal. The Court finds, therefore, that Southern Towing has satisfied Rule 12(b)(6)'s plausibility standard and states a claim for negligence against Jantran.

**V.     Conclusion**

IT IS THEREFORE ORDERED that Southern Towing Company LLC's Motion for Leave to File Sur-Reply [Doc. No. 62] is DENIED.

IT IS FURTHER ORDERED that Jantran, Inc.'s Motion to Dismiss Third-Party Complaint of Southern Towing Company, LLC [Doc. No. 54] is DENIED.

IT IS SO ORDERED this 11th day of March, 2020.

_____
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE