IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT )<br>OF BRUCE OAKLEY, INC. and )<br>JOHNSTON'S PORT 33 INC., OWNERS )<br>OF THE M/V LEGACY, FOR )<br>EXONERATION FROM OR LIMITATION )<br>OF LIABILITY ) | Case No. CIV-19-184-SLP |
| IN THE MATTER OF SOUTHERN TOWING )<br>COMPANY, LLC, IN A CAUSE OF )<br>EXONERATION FROM OR LIMITATION )<br>OF LIABILITY ) | Case No. CIV-19-396-SLP |
| IN THE MATTER OF THE COMPLAINT )<br>OF MARQUETTE TRANSPORTATION )<br>COMPANY, LLC AND LMR FREIGHT, )<br>LLC AS OWNERS PRO HAC VICE OF THE )<br>MTC-7256 AND THE LTD-11140, FOR )<br>EXONERATION FROM OR LIMITATION )<br>OF LIABILITY ) | Case No. CIV-19-400-SLP |

## **O R D E R**

Before the Court are the: (1) Unopposed Motion for Default Judgment [Doc. No. 83]; and (2) Amended Motion for Default Judgment [Doc. No. 84] of Marquette Transportation Company, LLC (Marquette) and LMR Freight, LLC (LMR Freight). The record reflects that on November 22, 2019, Marquette and LMR Freight filed a Complaint for Exoneration from and/or Limitation of Liability. Pursuant to Rule F(4), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (Supplemental

Rules), Marquette and LMR Freight published notice of their commencement of this limitation proceeding in the *Muskogee Phoenix* once a week for four consecutive weeks. The Notice, published on January 15, 22, 29, 2020 and February 5, 2020 apprised potential claimants that they were obligated to file a claim on or before February 23, 2020, or their claim would be defaulted. Proof of publication of the notice as required by Supplemental Rule F(4) was filed with the Court on March 25, 2020.

The following parties have filed a claim and/or answer: Bruce Oakley, Inc.; Johnston's Port 33, Inc.; Consolidated Grain and Barge Co.; CGB Enterprises, Inc.; the United States of America; and Southern Towing Company, LLC (collectively, Claimants). No other party has filed a claim and/or answer or sought an extension of time within which to do so.

Marquette and LMR Freight now request the Court to enter default judgment barring all persons or entities, other than Claimants, from making a claim against them in connection with the subject matter of their Complaint and/or contesting their right to exoneration from and/or limitation of liability in connection with these proceedings.

Rule F(5) of the Supplemental Rules directs as follows:

> (5) **Claims and Answer**. Claims shall be filed and served on or before the date specified in the notice provided for in subdivision (4) of this rule . . . . If a claimant desires to contest either the right to exoneration from or the right to limitation of liability the claimant shall file and serve an answer to the complaint unless the claim has included an answer.

Marquette and LMR Freight fulfilled their obligation to publish notice of the limitation proceeding as required by Supplemental Rule F(4). The Notice expressly stated the deadline for filing a claim and/or answer was February 23, 2020, and that failure to file a

timely claim would result in default of that claim. Moreover, any potential claimant has had nearly four additional months to file a claim and/or answer prior to Marquette and LMR Freight moving for entry of default judgment.

Notwithstanding the factual record as set forth, Marquette and LMR Freight have not previously moved for the entry of default. *See* Fed. R. Civ. P. 55(a).[1] Thus, their request for entry of a default judgment is premature. *See* Fed. R. Civ. P. 55(b); *see also Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) ("[E]ntry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)."); *Flohrs v. Eli Lilly & Co.*, No. 12–2439–SAC, 2012 WL 5266116, at *1 (D. Kan. Oct. 23, 2012) (unpublished op.) (addressing the "two sequential steps" of Rule 55 and finding the plaintiff's motion for default judgment premature where he had not first requested an entry of default from the clerk). Accordingly, the Court directs Marquette and LMR Freight to move for entry of default and denies their motions for default judgment without prejudice to refiling upon obtaining the clerk's entry of default.

IT IS SO ORDERED this 16th day of July, 2020.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[1] The Federal Rules of Civil Procedure apply to admiralty proceedings. *See* Rule A(2) of the Supplemental Rules.