IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT OF BRUCE OAKLEY, INC. and JOHNSTON'S PORT 33 INC., OWNERS OF THE M/V LEGACY, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | ) ) ) ) ) ) | Case No. CIV-19-184-SLP |

| | | |
|---|---|---|
| IN THE MATTER OF SOUTHERN TOWING COMPANY, LLC, IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | ) ) ) ) | Case No. CIV-19-396-SLP |

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT OF MARQUETTE TRANSPORTATION COMPANY, LLC AND LMR FREIGHT, LLC AS OWNERS PRO HAC VICE OF THE MTC-7256 AND THE LTD-11140, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | ) ) ) ) ) ) ) | Case No. CIV-19-400-SLP |

**ORDER**

Before the Court is the Motion for Default Judgment [Doc. No. 85] of Southern Towing, LLC (Southern Towing) [Doc. No. 85]. The record reflects that on November 20, 2019, Southern Towing filed a Complaint for Exoneration from and/or Limitation of Liability. Pursuant to Rule F(4), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (Supplemental Rules), Southern Towing published notice of its commencement of this limitation proceeding in the *Muskogee Phoenix* once a week for

four consecutive weeks. The Notice, published on December 12, 19 and 26, 2019 and January 2, 2020, apprised potential claimants that they were obligated to file a claim on or before January 31, 2020, or their claim would be defaulted. Proof of publication of the notice as required by Supplemental Rule F(4) was filed with the Court on January 14, 2020. The following parties have filed a claim and/or answer: United States of America; Consolidated Grain and Barge Co.; CGB Enterprises, Inc.; Marquette Transportation Company, LLC; LMR Freight, LLC; Bruce Oakley, Inc. and Johnston's Port 33, Inc. (collectively, Claimants). No other party has filed a claim and/or answer or sought an extension of time within which to do so.

Southern Towing now requests the Court to enter default judgment barring all persons or entities, other than Claimants, from making a claim against Southern Towing in connection with the subject matter of its Complaint and/or contesting its right to exoneration from and/or limitation of liability in connection with these proceedings.

Rule F(5) of the Supplemental Rules directs:

> **(5) Claims and Answer.** Claims shall be filed and served on or before the date specified in the notice provided for in subdivision (4) of this rule . . . . If a claimant desires to contest either the right to exoneration from or the right to limitation of liability the claimant shall file and serve an answer to the complaint unless the claim has included an answer.

Southern Towing fulfilled its obligation to publish notice of the limitation proceeding as required by Supplemental Rule F(4). The Notice expressly stated the deadline for filing a claim and/or answer was January 31, 2020, and that failure to file a timely claim would result in default of that claim. Moreover, any potential claimant has had nearly five

additional months to file a claim and/or answer prior to Southern Towing moving for entry of default judgment.

Notwithstanding the factual record as set forth, Southern Towing has not previously moved for the entry of default. *See* Fed. R. Civ. P. 55(a).[1] Thus, its request for entry of a default judgment is premature. *See* Fed. R. Civ. P. 55(b); *see also Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) ("[E]ntry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)."); *Flohrs v. Eli Lilly & Co.*, No. 12–2439–SAC, 2012 WL 5266116, at *1 (D. Kan. Oct. 23, 2012) (unpublished op.) (addressing the "two sequential steps" of Rule 55 and finding the plaintiff's motion for default judgment premature where he had not first requested an entry of default from the clerk). Accordingly, the Court directs Southern Towing to move for entry of default and denies Southern Towing's motion for default judgment without prejudice to refiling upon obtaining the clerk's entry of default.

IT IS SO ORDERED this 16th day of July, 2020.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[1] The Federal Rules of Civil Procedure apply to admiralty proceedings. *See* Rule A(2) of the Supplemental Rules.