# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF BRUCE OAKLEY, INC. and JOHNSTON'S PORT 33, INC., OWNERS OF THE M/V LEGACY, FOR EXONERATION FROM OR LIMITATION OF LIABILITY, | Case No. CIV-19-184-RAW-JAR |

*consolidated with*

| | |
|---|---|
| IN THE MATTER OF SOUTHERN TOWING COMPANY, LLC, IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY, | Case No. CIV-19-396-RAW-JAR |

*consolidated with*

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF MARQUETTE TRANSPORTATION COMPANY, LLC and LMR FREIGHT, LLC AS OWNERS PRO HAC VICE OF THE MTC-7256 and THE LTD-11140, FOR EXONERATION FROM OR LIMITATION OF LIABILITY, | Case No. CIV-19-400-RAW-JAR |

**ORDER**

This action arises from the flooding of the Arkansas River basin in May of 2019, during which two loaded barges floated downriver and struck the Webbers Falls Dam, causing significant damage to the lock and dam. The two loaded barges sank and were a total loss. Pending before the court are the following motions, as well as the responses, replies, and sur-replies thereto:

1. Motion for summary judgment by Jantran, Inc. [Docket Nos. 152, 171, and 184];
2. Motion for summary judgment by Marquette Transportation Company, LLC and LMR Freight, LLC (collectively "Marquette") [Docket Nos. 153, 155, 166, 170, 182, 183, 193];

3. Motion to strike late disclosed expert, Darin M. Adrian, by Southern Towing Company, LLC (hereinafter "STC") [Docket Nos. 154, 162, 177, 187, 193];
4. Motion for summary judgment against Bruce Oakley and Johnston's Port 33, Inc. (collectively "Oakley") by Consolidated Grain and Barge Co. and CGB Enterprises, Inc. (collectively "CGB") [Docket Nos. 156, 172];
5. Motion for partial summary judgment by Oakley [Docket Nos. 159, 173, 175, 185, 186];
6. Motion for summary judgment by STC [Docket Nos. 160, 167, 169, 176, 181].[*]

United States Magistrate Judge Robertson held a hearing on the pending motions [Minutes at Docket No. 207; Transcript at Docket No. 216] and later issued his Findings and Recommendation "F&R" [Docket No. 215], recommending that:

1. Jantran's motion for summary judgment [Docket No. 152] be **DENIED**;
2. Marquette's motion for summary judgment [Docket No. 153] be **GRANTED** in part, in that summary judgment be entered in Marquette's favor on the claims of negligence asserted against it by the other parties, and **DENIED** in all other respects;
3. STC's motion to strike late disclosed expert Darin M. Adrian [Docket No. 154] be **DENIED**;
4. CGB's motion for summary judgment against Oakley [Docket No. 156] be **DENIED**;
5. Oakley's motion for partial summary judgment [Docket No. 159] be **DENIED**;
6. STC's motion for summary judgment [Docket No. 160] be **GRANTED** in part, in that Oakley cannot recover from STC the costs of voluntarily removing the barges and repairing the Webbers Falls Lock and Dam, and **DENIED** in all other respects.

Objections have been filed by Marquette [Docket No. 217] and by CGB [Docket No. 218]. Marquette is the owner of the barges that struck the dam and sank. CGB is the owner of the fertilizer that was contained within the barges. No other objections were filed.

Both Marquette and CGB agree with Magistrate Judge Robertson's Findings of Fact. Marquette notes that the majority of the statements of law and recommendations are also sound. Both Marquette and CGB argue, however, that: (1) the Findings of Fact as set out in the F&R support a finding that Oakley was negligent and is liable as a matter of law and cannot prevail on its Act of God defense; (2) the Findings of Fact support a finding that Oakley is not entitled to

---

[*] The motion to exclude testimony of STC's expert Kevin Highfield by Consolidated [Docket No. 157] will be addressed by separate Order.

limit its liability under the Limitation of Liability Act. Marquette also argues that: (3) the finding that Marquette was not negligent necessitates a finding that it has no *in personam* liability to the United States or any other party for their damages.

As to the negligence liability of Oakley, Marquette and CGB argue that as Oakley was in possession of the barges, it is presumed to be at fault and that Oakley's negligence does not have to be the sole cause of the breakaway for Oakley to be found liable. They also argue that Oakley failed to meet its heavy burden with regard to its Act of God defense.

The Magistrate Judge found several genuine issues of disputed fact that preclude summary judgment on Oakley's negligence liability, including whether Oakley's actions were the proximate cause of the destruction of the barges, whether Captain Salcido's absence from the M/V LEGACY constituted negligence, whether the M/V LEGACY should have stayed with the barges, and whether any intervening or superseding act by the M/V LEGACY and its crew affected liability of either Oakley or STC, whether the actions of the M/V DENNIS COLLINS constituted negligence, whether Oakley has met its considerable burden to prove its Act of God defense, and the fair market value of the barges. The court agrees with the Magistrate Judge that these issues, particularly whether Oakley's actions were the proximate cause of the destruction of the barges, are genuine issues of disputed fact for trial.

As to whether Oakley is entitled to limit is liability under the Limitation of Liability Act, Marquette and CGB argue that Oakley cannot show that the alleged fault causing the loss occurred without its privity or knowledge. As noted by Marquette, this issue was not directly addressed in the F&R. As the issue of causation itself is left for trial, so must be the issue of Oakley's privity or knowledge with regard to the various alleged faults that may have caused the loss.

Finally, the F&R notes Marquette's possible liability to the United States under the River and Harbors Act. Marquette argues that it has no *in personam* liability to the United States. The court agrees. In fact, at the hearing, counsel for the United States acknowledged as much. The F&R did not state that Marquette has *in personam* liability to the United States.

After a *de novo* review, this court finds that the R&R is well-supported. The objections, therefore, are overruled. The F&R [Docket No. 215] is hereby affirmed and adopted as this court's Findings and Order. Accordingly, Jantran's motion for summary judgment [Docket No. 152] is **DENIED**. Marquette's motion for summary judgment [Docket No. 153] is **GRANTED** in part, in that summary judgment be entered in Marquette's favor on the claims of negligence asserted against it by the other parties, and **DENIED** in all other respects. STC's motion to strike late disclosed expert Darin M. Adrian [Docket No. 154] is **DENIED**. CGB's motion for summary judgment against Oakley [Docket No. 156] is **DENIED**. Oakley's motion for partial summary judgment [Docket No. 159] is **DENIED**. STC's motion for summary judgment [Docket No. 160] is **GRANTED** in part, in that Oakley cannot recover from STC the costs of voluntarily removing the barges and repairing the Webbers Falls Lock and Dam, and **DENIED** in all other respects.

**IT IS SO ORDERED** this 31st day of March, 2025.

*/s/ Ronald A. White*
_____
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**